UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 14-30798-HJB |
| LAMSON AND GOODNOW | ) | |
| MANUFACTURING COMPANY | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | Case No. 14-30799-HJB |
| LAMSON AND GOODNOW, LLC | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | Case No. 14-330801-HJB |
| LAMSON AND GOODNOW RETAIL, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**EMERGENCY MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR
ORDER PURSUANT TO 11 U.S.C. §§364 (c) (1), (2) and (d) (1) FOR AUTHORITY TO
OBTAIN SECURED POST PETITION FINANCING AND FOR EXEPEDITED
DETERMINATION**

Lamson and Goodnow, LLC,  ("LLC"), Lamson and Goodnow Manufacturing Company

("Company") and Lamson and Goodnow Retail, LLC ("Retail"), (collectively the  "Debtors" and

"Debtors-in-Possession"), by and through its undersigned counsel, Weiner & Lange, P.C. hereby

moves for this Court's authorization , pursuant to sections  363(b), 363(c), 364(c)(1), 364(c)(2),

364(c)(3) and 364(d)(1) of Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (as

amended, the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of

Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Massachusetts Local Rules

4001-2 ("MLBR"), for the Debtors, inter alia, (i) to obtain secured post-petition financing

consisting of a line of credit in the amount of $500,00.00 to be made by DIP Lending, LLC

Motion to obtain post petition financing
In re: Lamson and Goodnow Manufacturing Company
In re: Lamson and Goodnow, LLC
In re:  Lamson and Goodnow Retail, LLC
Page 2

("DIP") to the Debtors under and pursuant to Post-Petition Loan Documents ( as hereinafter

defined) ; (ii) to grant to DIP pursuant to §§ 364 (c) and 364 (d) of the Bankruptcy Code, first

priority senior lien and security interest in all assets of the Debtors including real and personal

property to secure the Debtors' obligations under the Post-Petition Loan Documents, and (iii) to

grant to DIP pursuant to §364(c)(1) of the Bankruptcy Code, priority in payment with respect to

such obligations over any and all administrative expenses of the kinds specified in §§503(b) and

507(b) of the Bankruptcy Code; and is support thereof respectfully represents as follows:

## BACKGROUND

1.  On August 14, 2014, ( the "Petition Date" ), LLC, Company and Retail filed separate
    Chapter 11 bankruptcy petitions.

2.  On August 14, 2014, the Debtors filed  a Motion for  Entry of an Order Directing
    Joint Administration of Chapter 11 Cases  ( "Joint Administration") under  Rule
    1015 (b) of the Federal Rules of Bankruptcy Procedure  ("FRBP") and Rule 1015-
    1(a) of the Massachusetts Local Bankruptcy Rules ("MLBR").

3.  Pursuant to MLBR 1015-1(c)  the Motion for Joint Administration is allowed
    effective upon filing, subject to reconsideration under MLBR 1015-1(d).

4.  On or about August 14, 2014, the Debtors filed an Emergency Motion for
    Authorization to Use Cash Collateral and Grant of Continuing Security Interest
    ("Cash Collateral").

5.  Pursuant to §§ 1107 and 1108 of the United States Bankruptcy Code, the Debtors
    continue to operate their business as Debtor-In-Possession.

6.  This Court has jurisdiction over the Chapter 11 cases and this Motion pursuant to 28
    U.S.C. §§ 157(b) and 1334.   Consideration of the Motion constitutes a core
    proceeding as defined in 28 U.S.C. §157(b)(2).

7.  The Cash Collateral Motion provides to provide adequate protection payments to
    Newtek Small Business Finance, Inc. ("Newtek").

Motion to obtain post petition financing
In re: Lamson and Goodnow Manufacturing Company
In re: Lamson and Goodnow, LLC
In re:  Lamson and Goodnow Retail, LLC
Page 3

8. The principle balance owed to Newtek is approximately $2,002,184.13 plus accrued interest and costs since July 1, 2014.

9. Newtek holds a blanket security interest on all assets of the Debtors and a second mortgage position on real estate owned by the Company located at 45 Conway Street, Shelburne Falls, Massachusetts  ("real property").

10. Small Business Administration holds a first mortgage on the real property and the balance outstanding on the loan to SBA is estimated at $1,065,700.00.

11. The Debtors reached an agreement with DIP to provide post-petition financing in the amount of $500,000.00. (the "DIP Agreement") secured by a super priority lien and security interest in the Debtors' real property and persona l property to secure the Debtors' obligations under the DIP Agreement as well as priority payment with respect to  such obligations over any and all administrative expenses of the kinds specified in sections 503(b) and 507(b) of the Bankruptcy Code.  The Debtor and DIP shall provide all necessary loan documents in advance of any scheduled hearing. A draft of the proposed financing agreement is attached hereto as Exhibit "A".

12.  The Debtor requires the financing in order to continue operations as the existing lender Newtek Business Credit is no longer providing financing on accounts receivable thereby severely limiting the Debtors' cash flow.   Debtor estimates that it presently has over $320,000.00 in accounts receivable .  The Debtor has back orders with a value of over $700,000.00 and is unable to purchase the raw materials necessary to complete the orders.  Financing is essential as many of the Debtors' vendors will no longer ship product even on cash on delivery basis.   DIP financing is essential for the continuing operations of the Debtor.

13. Newtek Business Credit ceased lending on the Debtors' accounts receivable in July of 2014.  The requested post petition financing from DIP will allow the Debtor to immediately purchase raw materials and provide funding for daily operations including but not limited to payment of payroll and other normal operating expenses.

14.  The Debtors will also use the funding to meet their anticipated cash collateral obligations to Newtek and SBA.

Motion to obtain post petition financing
In re: Lamson and Goodnow Manufacturing Company
In re: Lamson and Goodnow, LLC
In re: Lamson and Goodnow Retail, LLC
Page 4

15. The Debtors believe that valuations of the personal property and real property provide a substantial equity cushion for Newtek and SBA.

16. The Debtors believe that the DIP financing will allow the Debtors to show a positive cash flow in excess of $200,000.00 by November of 2014. (See budget to cash collateral motion attached hereto as Exhibit "B").

17. The Debtors also intend to move forward to sell the real property in order to satisfy in full the SBA loan. The property is presently listed for sale at $2,100,000.00. No sale proceeds of the real estate or any equipment shall be distributed without a court order approving the sale and distribution of proceeds.

18. The Debtors reserve the right to supplement the projections and any loan documents though the date of this hearing.

19. DIP has indicated its willingness to extend post-petition financing to the Debtor, but only in accordance with and under the terms set forth in the DIP Agreement, the salient terms of which are summarized as follows:

   Line Amount: $500,000.00

   Interest rate : Interest on the unpaid principal balance of the Loan shall be fixed at 13.95% per annum, with a minimum make –whole interest payment based on 50% of the Loan amount due regardless of the usage and regardless of whether the Loan is repaid. Default interest is 18.95% per annum.

   Term: 12 months

   Extension: Two maximum 90 day extensions. An extension fee of 2% of the line amount shall be due at each request. All extensions are at the sole option of the Lender.

   Security: DIP is to be provided with a first security position on all assets of the Debtors ahead of all existing lienholders.

   Priority: DIP is to have a Super priority Claim.

20. The terms of the DIP Agreement are fair and reasonable in light of the Debtor's credit and as compared to the terms offered by other lenders. The finalized DIP

Motion to obtain post petition financing
In re: Lamson and Goodnow Manufacturing Company
In re: Lamson and Goodnow, LLC
In re:  Lamson and Goodnow Retail, LLC
Page 5

Agreement will be provided before the hearing on this Motion.

21.   The DIP Agreement allows the Debtor to continue to operate its business.

22.   The Debtor is unable to obtain credit on an unsecured basis or on the basis of a general administrative claim form any party or entity.  The Debtor met with and sought funding from several other parties including, Greenfield Savings Bank and Peoples United Bank, and after numerous discussions, none have agreed to provide funding.

23.   The DIP liens and security interests granted under 11 U.S.C. §364 of the Bankruptcy Code shall attach to all assets, real and personal, of the Debtor as a first priority senior lienholder to secure the Debtor's obligations under the **POST PETITION LOAN DOCUMENTS** as well as priority payment with respect to such obligations over any and all administrative expenses of the kinds specified in 11 U.S.C. §§ 503(b) and 507(b) of the Bankruptcy Code.

24.  No additional financing statements or mortgages shall be required to be filed to perfect the post-petition super-priority administrative claim, liens and security interests granted to DIP under this Motion, the proposed order and the DIP Agreement.  However, should DIP elect to file or record financing statements or other documents including mortgage documents, the Debtor requests the Court permission to do so and also requests modification of the automatic stay to allow for the recording of the same. Upon an uncured Event of Default under the DIP Agreement, the Lender may file a Certification with the Court of such default.  Five days after the filing of such Certification, the Automatic Stay under 11 U.S.C § 362 shall be deemed lifted without need for further order absent any stay sought and

Motion to obtain post petition financing
In re: Lamson and Goodnow Manufacturing Company
In re: Lamson and Goodnow, LLC
In re:  Lamson and Goodnow Retail, LLC
Page 6

obtained upon notice and motion.

25. The granting of the super-priority administrative claims, security interests, and liens to DIP will enable DIP to provide post-petition financing to the Debtor through the DIP Agreement which will permit the Debtor to continue its operations and proceed with its reorganization efforts.

26. In accordance with 11 U.S.C. §§ 364(c) and (d), the Debtor represents that it is unable to obtain credit for its operations on an (a) unsecured basis; (b) on the basis of a general administrative claim; or (c) on any basis more favorable to the Debtor than proposed in the Motion.

27. The Debtor believes that the request to obtain post-petition financing secured by super-priority lien is proper, reasonable and necessary to continue the Debtor's operations.

28. Approval of the Debtor's request to obtain post-petition financing from DIP secured by the first priority senior liens against the Debtor's property including but not limited to all accounts, inventory, equipment, general intangibles and real property is in the best interest of the Debtor and the creditors of the Debtor's estate.

29. The terms and provisions of the DIP Agreement described in the Motion, including the proposed order, are fair and reasonable and were negotiated by the parties in good faith and at arm's length.  Consequently, the Debtor requests that this Court find that any loans made by DIP, pursuant to the DIP Agreement, are made in good faith for the purposes of § 364(e) of the Bankruptcy Code.

30. In addition to providing the funds necessary to meet the Debtor's immediate cash

Motion to obtain post petition financing
In re: Lamson and Goodnow Manufacturing Company
In re: Lamson and Goodnow, LLC
In re: Lamson and Goodnow Retail, LLC
Page 7

needs to operate its business, the availability of post-petition financing will help to instill a sense of confidence in the Debtor's vendors, customers and employees all of whom are critical to the Debtor's future success.   In order to continue the operation of the Debtor's business, it is necessary for the Debtor to immediately borrow money and otherwise obtain financing.

31. The Debtor is unable to obtain unsecured credit or debt allowable as an administrative expense under Section 503(b)(1) of the Bankruptcy Code in an amount sufficient and readily available to maintain ongoing operations in part due to Newtek Business Credit no longer provided financing for  outstanding accounts receivables.

32. The Debtor requests entry of the order substantially in the form attached hereto and for the entry of an Order scheduling a final hearing.

## **REQUEST FOR ORDER SHORTENING TIME**

33. Rule 4001(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a final hearing on a motion to obtain credit pursuant to Section 364 may not be commenced earlier than 15 days after the service of such motion.  See FED. R. BANK. P. 4001(c).  Upon request, however, the court is empowered to conduct a preliminary expedited hearing on the motion and authorize the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate.  See FED. R. BANKR. P. 4001(c)(2).

34. The Debtor requests that a hearing be scheduled on the Motion for  August 19, 2014

Motion to obtain post petition financing
In re: Lamson and Goodnow Manufacturing Company
In re: Lamson and Goodnow, LLC
In re:  Lamson and Goodnow Retail, LLC
Page 8

or as soon thereafter as the Court's calendar permits.

35. Simultaneously herewith, the Debtors have filed a Motion for the Joint Administration of the three proceedings along with a Motion for the use of cash collateral and the Debtor respectfully request that hearing on all three motions be held at the same time if the Court's calendar permits. Upon filing of this Motion, counsel for the Debtor has contacted the Office of the United States Trustee, all known secured creditors and  taxing authorities in each respective case.

WHEREFORE, the Debtor requests that this Court enter an order in the form attached hereto and for such other and further relief as this Court deems just.

**T**HE **DEBTORS**

**LAMSON  AND GOODNOW MANUFACTURING COMPANY**
**LAMSON AND GOODNOW, LLC**
**LAMSON AND GOODNOW RETAIL, LLC**
By Their Counsel

/s/Gary M. Weiner
Gary M. Weiner, Esq., BBO # 548341
Jennifer Butler, Esq., BB0#685152
WEINER & LANGE, P.C.
 95 State Street, Suite 918
 Springfield, MA 01103
 Tel. (413) 732-6840
Fax. (413) 785-5666
Email: Gweiner@Weinerlegal.com
Date:   August 15, 2014