UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 14-30798-HJB |
| LAMSON AND GOODNOW | ) | |
|    MANUFACTURING COMPANY | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | Case No. 14-30799-HJB |
| LAMSON AND GOODNOW, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | Case No. 14-30801-HJB |
| LAMSON AND GOODNOW RETAIL, LLC | ) | |
| | ) | |
| Debtor | ) | |

**EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL
AND GRANT OF CONTINUING SECURITY INTEREST**

Now comes, Lamson and Goodnow Manufacturing Company ("Company"), Lamson and Goodnow, LLC ("LLC") and Lamson and Goodnow Retail, LLC ("Retail") (collectively hereinafter the "Debtor" or "Debtors" or "Debtor-in Possession") in the above matter who through their counsel, the firm of Weiner & Lange, P.C. hereby move this Honorable Court for the entry of an Order, pursuant to Sections 105(a), 363, and 364 ( c ) of title 11, rules 2002, 4001, and 9014 of the Federal rules of Bankruptcy Procedure and Local Bankruptcy Rule 4001-2, providing for (i) the interim use of cash collateral; (ii) providing adequate protection to Newtek Small Business Finance, Inc. (hereinafter "Newtek"); (iii) scheduling of a final hearing

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
Document      Page 2 of 11

```
Emergency Motion Use of Cash Collateral
In re:  Lamson and Goodnow Manufacturing Company
In re:  Lamson and Goodnow LLC
In Re:  Lamson and Goodnow Retail, LLC
Page 2
```

on the use of cash collateral; and (iv) an emergency determination pursuant to Local Bankruptcy Rule 9013-1(g). In support of this Motion, the Debtor respectfully represents:

1. On August 15, 2014, Company filed a Chapter 11 bankruptcy petition with this Court.

2. Company is a duly organized Massachusetts corporation and was organized on May 24, 1851 with its principal place of business at 45 Conway Street, Shelburne Falls, MA.

3. On August 15, 2014, LLC filed a Chapter 11 bankruptcy petition with this Court.

4. LLC is a Massachusetts Limited Liability Company with its principal place of business at 45 Conway Street, Shelburne Falls, MA.

5. On August 15, 2014, Retail filed a Chapter 11 bankruptcy petition with this Court.

6. Retail is a Limited Liability Company with its principal place of business at 45 Conway Street, Shelburne Falls, MA.

7. This Court has jurisdiction over this Motion under 11 U.S.C. §157 and 1334. This is a core matter within the meaning of 11 U.S.C. § 157 (b) (2). Venue of this matter is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

8. Concurrent with the filing of this Motion the Debtors have filed a Motion for an Order directing the Joint Administration of these cases.

9. Pursuant to 11 U.S.C. §§1107 and 1108, the Debtor has continued to operate its business as a Debtor in Possession. Currently the Debtor's primary assets collectively are real estate, equipment, inventory, raw materials, accounts receivable, work in progress, perpetual energy contract and goodwill.

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
Document      Page 3 of 11

Emergency Motion Use of Cash Collateral
In re:   Lamson and Goodnow Manufacturing Company
In re:   Lamson and Goodnow LLC
In Re:   Lamson and Goodnow Retail, LLC
Page 3

10. Company owns the real estate at 45 Conway Street, Shelburne Falls, Buckland, Massachusetts. The real estate is made up of several buildings and a total of 59,000 square feet on 18 plus acres.

11. Presently the Debtors employ 31 employees. In addition, John Ross Anderson, President of the Company and sole Manager and Member of the LLC and Retail is working for no compensation.

12. Newtek executed a general loan and security agreement (hereinafter "Loan") on or about December 28, 2012 wherein Newtek agreed to provide an original principal loan of TWO MILLION FIFTY FIVE THOUSAND AND 00/100 DOLLARS ($2,055,000.00) secured by all assets of the Debtors including but not limited to "all tangible and intangible personal property of the Debtors, wherever located, now owned or hereafter acquired or arising" attached hereto as Exhibit "A". A copy of the UCC-1 financing statement is attached hereto as Exhibit "B". Original UCC-1 for Newtek was recorded on or about November 7, 2012 and a subsequent UCC-1 was filed for Newtek on December 11, 2012 to add Retail as a Borrower under the loan documents.

13. On December 26, 2012, Manufacturing granted Newtek a mortgage on the property as additional collateral for the Loan and said mortgage was recorded at the Franklin County Registry of Deeds in Book 6311, Page 70 on December 31, 2012.

14. The Mortgage to Newtek was subsequently amended and restated subsequent to December 26, 2012 to properly reflect that the Loan which was secured by said mortgage was included Retail as a borrower in addition to Company and LLC. No additional funding was made at this time and the Amended and Restated Mortgage

3

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
Document    Page 4 of 11
Emergency Motion Use of Cash Collateral
In re:   Lamson and Goodnow Manufacturing Company
In re:   Lamson and Goodnow LLC
In Re:   Lamson and Goodnow Retail, LLC
Page 4

was recorded at the Franklin County Registry of Deeds on April 16, 2013 in Book 6359, Page 279. The Amended and Restated Mortgage Agreement is attached as Exhibit "C".

15. On or about August 6, 2014, the Debtor obtained a broker's opinion of the value of the real estate which placed a value of the site at $2,080,000.00. A copy of the broker's opinion is attached hereto as Exhibit "D". The Debtor executed a listing agreement prior to filing this bankruptcy proceeding with Cohn & Company and listed the property for sale at a price of Two Million One Hundred Thousand and 00/100 Dollars ($2,100,000.00).

16. The broker provided information which established that a commercial property in the area which had a little over 17,000.00 square feet sold for $645,000.00.

17. As owner of the Property, Company also has a Power Contract Agreement ("Power) which provides the owner of the property with a perpetual right for up to 50.915 MWH of electricity each month with a maximum power demand of 242Kw without charge from the owners of the Deerfield, Massachusetts 3 hydroelectric facility. Company obtained an appraised value of the Power contract which provided the net present value was $868,000.00. A copy of the appraisal is attached hereto as Exhibit "E".

18. An application to employ Cohn & Company as a professional under 11 U.S.C. § 227 will be filed forthwith.

19. The property is also subject to a senior mortgage to the U.S. Small Business Administration ("SBA") which secures a loan in the amount of One Million Sixty Five Thousand Seven Hundred and 00/100 Dollars ($1,065,700.00). The Mortgage

4

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
Document      Page 5 of 11

Emergency Motion Use of Cash Collateral
In re:   Lamson and Goodnow Manufacturing Company
In re:   Lamson and Goodnow LLC
In Re:   Lamson and Goodnow Retail, LLC
Page 5

was recorded at the Franklin County Registry of Deeds on January 11, 2012 in book 6127, page 268. The present principal balance on said loan is estimated at $1,064,750.00. Debtor is due for its June payment and arrearage at the time of filing was estimated at $16,029.00. The loan from SBA is for interest only and monthly payments are $5,343.00 and are due on the 14th of each month. The loan provides that the last payment is to be made on or before October 14, 2041.

20. Newtek has first position on all tangible and intangible personal property of the Debtors, wherever located, now owned or hereafter acquired. Total estimated value of these assets according to the Debtors books and records as of July 1, 2014 is $4,421,211.45. A breakdown of the assets subject to Newtek's security agreement is attached hereto as Exhibit F". The Debtor estimates that the fair market value of the collateral is in excess of $2,000,000.00.

Lamson and Goodnow Manufacturing Company assets:

| Power Rights | $868,000 |
|---|---|
| Office Equipment and Furnishings | $253,121.90 |
| Tools, Machinery and Equipment | $2,706,089.25 |
| Raw materials | $84,069.70 |

Lamson and Goodnow, LLC assets:

| Accounts receivable | $320,473.55 * ($31,301.79 over 90 days) |
|---|---|
| Tools, Machinery and Equipment | $82,100.83 |
| Computers | $3,873.54 |

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
Document    Page 6 of 11

Emergency Motion Use of Cash Collateral
In re:  Lamson and Goodnow Manufacturing Company
In re:  Lamson and Goodnow LLC
In Re:  Lamson and Goodnow Retail, LLC
Page 6

Lamson and Goodnow Retail assets:

| Inventory | |
|---|---|
| Computers and Grocery system cash register | $14,789.36 |

The Newtek loan is guaranteed by John Ross Anderson.  Additionally the Debtors were required to collaterally assign a Key Person Life Insurance policy in the name of Mr. Anderson to Newtek.  Upon information and belief the policy, as of July 31, 2014 has a cash surrender value of $88,694.00.

21. Newtek obtained a Desktop Appraisal of the Company's assets or about November 20, 2012 attached hereto as Exhibit " G " which provided an orderly liquidation value of  $1,140,061 and a forced liquidation value of $766,879.00.   No reference to a fair market valuation is made.

22. Newtek's commitment letter dated December 28, 2012 provided that equipment appraisal had to have a minimum liquidation value of $1,140,061.00.

23. The total owed to Newtek as of the date of filing these petitions was estimated at $2,002,184.13 plus continuing interest and the Debtors were due for their July 2014 payment.  Monthly payments of $13,295.00 are due on the first of each month.

24. The Debtors combined unsecured Debt is approximately $744,529.49 according to the books and records of the Debtors.   This amount includes a disputed claim of TransCanada Power Marketing LTD of over $200,000.00.  Company is a named defendant in a civil action brought by TransCanada in the Worcester Superior Court Department of the Trial Court for the Commonwealth of Massachusetts.

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
                           Document    Page 7 of 11

Emergency Motion Use of Cash Collateral
In re:  Lamson and Goodnow Manufacturing Company
In re:  Lamson and Goodnow LLC
In Re:  Lamson and Goodnow Retail, LLC
Page 7

25. The loan to Newtek is also personally guaranteed by Brian J. Hayes, the former President of the Debtor who resigned in the spring of 2014.

26. Mr. Hayes is no longer employed by the Debtor and new management has been running the Debtor since his departure.

27. The Debtor anticipates that under new management it can and will generate positive cash flow sufficient to meet its operating expenses including payments to Newtek and SBA. See the projected cash flow attached hereto as Exhibit "H".

28. The Debtors do, however, require an immediate cash infusion in order to meet the demand for customer orders which requires the purchase of raw materials and funds to continue day to day operation as the raw material is turned in to product and accounts receivable are recovered.

29. The Debtors combined cash flow projections indicate that in three months, based on the back log of orders, the Debtors expects to show a positive cash flow of approximately $189,559.00.

30. The Debtors do anticipate filing forthwith a Motion pursuant to 11 U.S.C. §§364 ( c)(1)(2) for authority to obtain secured post petition financing ("DIP financing") in the amount of $500,000.00. The DIP lender will be seeking a first secured position on all assets of the Debtor and a super priority position under 11 U.S.C. §§ 503 and 507 of the Bankruptcy Code.

31. Newtek has not agreed, as of the filing of this motion, to the use of the Cash Collateral pending review of all first day pleadings filed by the Debtors.

32. The Debtors seek use of cash collateral under the following terms and conditions:

Emergency Motion Use of Cash Collateral
In re:   Lamson and Goodnow Manufacturing Company
In re:   Lamson and Goodnow LLC
In Re:   Lamson and Goodnow Retail, LLC
Page 8

    A. That the Debtor is authorized to use such property of the estate as may constitute cash collateral for payment of only those ongoing reasonable and necessary operating expenses set forth on the monthly budget annexed hereto and those monthly obligations set forth herein until the earlier to occur of (a) 60 days; (b) entry of a subsequent Order revoking, staying, or reversing the use of cash collateral; (c) the conversion of this case to one under Chapter 7 of the United States Bankruptcy Code; (d) failure of the Debtor to comply with any material terms, conditions or covenants contained herein; (e ) failure of the Debtor to adhere to the expenditure limitations set forth in the budget; (f) entry of an order granting relief from the Automatic Stay so as to allow a third party to proceed against the Bank's pre or post condition collateral ( hereinafter "Termination Event"), provided that subsequent to a Termination Event, the Debtor will be authorized to use cash collateral for the sole purpose of satisfying any payroll, withholding tax or employee benefit claim that may have accrued up to the Termination Event; and

    B. That Newtek is granted a continuing and uninterrupted valid perfected and enforceable post petition security interest in all of the Debtor's assets (other than causes of action and claims under Chapter 5 of the United States Bankruptcy Code or proceeds thereof) to the extent of the validity, perfection, priority, enforceability and sufficiency of the pre-petition liens or security interests to the extent of any diminution in value of its pre-petition collateral and to the extent of all post-petition advances subject to the proposed DIP Financing; and

8

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
Document    Page 9 of 11

Emergency Motion Use of Cash Collateral
In re:   Lamson and Goodnow Manufacturing Company
In re:   Lamson and Goodnow LLC
In Re:   Lamson and Goodnow Retail, LLC
Page 9

    C. That on a continuing monthly basis, commencing on September 1, 2014 and continuing on the same day each consecutive month thereafter, the Debtor shall pay to Newtek monthly adequate protection payments of $13,295.00 for application by Newtek, to principal and/or interest that accrues on the loan executed by the Debtors in favor of Newtek, which interest shall be calculated at the applicable contract rates (not default rates); provided, however, that such interest payments shall be applied to reduce the secured principal portion of Newtek's claims if it is later determined that those claims are not over secured.

    D. That the Debtor shall insure all personal property pledged and granted to Newtek as Collateral and shall continue to have Newtek named as a loss payee on all insurance certificates; copies of the insurance certificates shall be provided to the Lender upon request.

    E. That at any time any party may file a Motion seeking to revoke the use of cash collateral.

33. The use of the pre-petition cash collateral is essential to the continued operation of the Debtor's business along with the proposed DIP Financing. Authorization to use the funds received from the collection of account receivables is necessary in order for the Debtor to pay its secured creditors, maintain its equipment and all other operating expenses including but not limited to the payment of insurance, utilities, payroll and other ongoing usual and necessary expenses incurred in the day to day operation of the business.

34. The use of the cash collateral funds and DIP Financing is also critical to allow the Debtor to purchase product necessary for both existing and new projects and the costs

Case 14-30798    Doc 10    Filed 08/18/14    Entered 08/18/14 10:54:34    Desc Main
Document    Page 10 of 11

Emergency Motion Use of Cash Collateral
In re:   Lamson and Goodnow Manufacturing Company
In re:   Lamson and Goodnow LLC
In Re:   Lamson and Goodnow Retail, LLC
Page 10

associated with each project including but not limited to disposal fees, labor costs and other related job costs.

35. Payments may constitute cash collateral within the meaning of 11 U.S.C. § 363 (a). The continued use of said cash collateral by the Debtor for such purpose remains essential to the continued viability of its business operations during this period of time and as a result, this Motion is filed on an Emergency basis.

36. Due to the circumstances facing the business, and the nature of the relief requested, the Debtor requests that an interim hearing on this Motion be scheduled as soon as possible as the use of cash is essential to avoid immediate and irreparable harm to the Debtor.

WHEREFORE, the Debtor prays for the entry of the following Orders:

1. That this Court conduct an emergency hearing on this request for the use of cash collateral;

2. That this Court allow the Debtor to use, for ongoing reasonable and necessary expenses, property of the Debtor that may constitute cash collateral, in accordance with the budget attached to this Motion as Exhibit "H".

3. That this Court allow and authorize the Debtor to grant to Newtek a continuing replacement security interest in inventory, chattel paper, Accounts, Equipment, General Intangibles and Fixtures of the Debtor to replace the collateral used by the Debtor in its ordinary course of business.

4. For such other and further relief as this Honorable Court deems just and proper.

```
Emergency Motion Use of Cash Collateral
In re:  Lamson and Goodnow Manufacturing Company
In re:  Lamson and Goodnow LLC
In Re:  Lamson and Goodnow Retail, LLC
Page 11
```

**THE DEBTORS**

**LAMSON AND GOODNOW MANUFACTURING COMPANY**
**LAMSON AND GOODNOW, LLC**
**LAMSON AND GOODNOW RETAIL, LLC**
By Their proposed Counsel


/s/Gary M. Weiner
Gary M. Weiner, Esq., BBO # 548341
Jennifer Butler, Esq., BB0#685152
WEINER & LANGE, P.C.
95 State Street, Suite 918
Springfield, MA 01103
Tel. (413) 732-6840
Fax. (413) 785-5666
Email: Gweiner@Weinerlegal.com
Date:   August 15, 2014