UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| In re ) | Chapter 11 |
| ) | Case Nos. 14-30798-HJB |
| LAMSON AND GOODNOW ) | 14-30799-HJB |
| MANUFACTURING COMPANY ) | 14-30801-HJB |
| ) | Jointly administered under |
| Debtor ) | 14-30798-HJB |
| ) |  |

## EMERGENCY MOTION BY DEBTOR IN POSSESSION FOR AUTHORITY TO OBTAIN UNSECURED CREDIT

To the Honorable Henry J. Boroff, Bankruptcy Judge:

Lamson and Goodnow, LLC, ("LLC"), Lamson and Goodnow Manufacturing Company ("Company") and Lamson and Goodnow Retail, LLC ("Retail"), (collectively the "Debtors" and "Debtors-in-Possession"), by and through its undersigned counsel, Weiner & Lange, P.C. hereby moves for this Court's authorization pursuant to sections 11 U.S.C. §§ 364(a), (b), and FRBP 2002 and 4001 and MLBR 4001-2 to obtain unsecured credit up of $175,000.00 and for authority to pay the lenders.   In support of this Motion the Debtors state:

1. That on August 15, 2014, LLC, Company and Retail filed separate voluntary petitions seeking relief under the provisions of Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Massachusetts.

2. That, pursuant to Sections 1107 and 1108 of Title 11, the Debtors continue to operate their business and manage their affairs as a Debtor-In-Possession.  No Trustee or Examiner has been requested or been appointed.

3. The petitions are being jointly administered pursuant to this Court's order of August 18, 2014.

Emergency Motion to incur Post Petition Unsecured Debt
In Re: Lamson and Goodnow Manufacturing Company
Page 2

4. The Debtors are operating under an interim cash collateral order which will expire on September 17, 2014.

5. This Court has jurisdiction over the Chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §157(b) (2).

6. The Debtors operate a cutlery manufacturing facility and retail operation out of real property owned by Manufacturing at 45 Conway Street, Shelburne Falls, Massachusetts ("real property").

7. Newtek Small Business Finance, Inc. ("Newtek") is the holder of a blanket security interest of the Debtors and second mortgage position on the Debtor's real property.

8. Under the terms of the present cash collateral order the Debtors are required to make monthly payments of $13,260.00 to Newtek.

9. J. Ross Anderson is the sole shareholder of Manufacturing and the sole manager and member of Company and Retail.

10. The Debtors have been able to arrange for unsecured financing from two sources; Peter Elliott of 82 Highland Avenue, Greenfield, Ma has agreed to lend the Debtors $150,000.00 and James Pelletier of 57 Jessie Lane, Westfield, MA has agreed to lend the Debtors $25,000.00. Each loan is subject to a separate note but each provides for payment in full of the respective loans by the week ending January 3, 2015. Each loan will requires payment of principal plus interest at a rate of 10% per annum. Attached hereto as Exhibits "A" and "B" are the promissory notes.

Emergency Motion to incur Post Petition Unsecured Debt
In Re: Lamson and Goodnow Manufacturing Company
Page 3

11. James Pelletier is the Chief Operating Officer of Manufacturing and oversees the operations of the Debtors.

12. The purpose of the loans is to provide the Debtors with sufficient cash to fund operations including but not limited to the purchase of materials to complete the expected purchase orders from various customers.  Back orders are estimated at over $750,000.00.

13. The Debtors believe that this initial purchase of raw materials is essential to operations.  It will provide the basis by which the Debtors will be able to covert the raw materials into finished products which will then generate account receivables in excess of $1,400,000.00.  These receivables are critical to the Debtors' success and ability to reorganize.

14. Timing is essential as the need to buy the materials and meet the customer purchase order requirements is quickly closing.

15. Manufacturing will need to purchase the materials for the various purchase orders within the next 5 days in order begin producing the product in a timely manner.

16. The terms of the purchase order of one customer All Clad, Inc., provide that payment is to be made 60 days after the first product is produced and shipped.  The Debtors anticipate that the first payment will be received on or about the week ending January 3, 2015 and then continuing each week thereafter until the total contract price is paid.

Emergency Motion to incur Post Petition Unsecured Debt
In Re: Lamson and Goodnow Manufacturing Company
Page 4

17.  The Debtors' projected budget through January 17, 2015, which is attached hereto as Exhibit "C",  provides for infusion of cash from the unsecured lenders and purchase of the raw materials necessary to meet the Debtors customer demands for purchase orders and provide the Debtors with positive cash flow to continue operations.

18.  The loans are essential in order for the Debtors to be able to pay for the materials and the continued operations of the Debtors.

19.  Repayment of the loans is to be made from the normal operations of the Debtors and based on the projected cash flow, the Debtors estimate that there will be sufficient funds to pay the loans and meet all other required expenses included but not limited to the cash collateral payments due to Newtek and Small Business Administration.

20. Newtek has indicted its assent to the Debtors obtaining the two unsecured loans totaling $175,000.00 and the repayment of same as indicated in the attached promissory notes and forecast budget.

21.  Pursuant to FRBP 4001(c )(2) the Debtors request that the court conduct a preliminary hearing on an expedited basis in order to authorize the obtaining of credit to avoid immediate and irreparable harm to the Debtors' estate.

Emergency Motion to incur Post Petition Unsecured Debt
In Re: Lamson and Goodnow Manufacturing Company
Page 5

WHEREFORE, in order to provide for the continued operations of the Debtors' business and to insure that the Debtors have sufficient funds to purchase the materials necessary for the outstanding purchase orders, the Debtors ask this Court to enter an Order granting the Debtors authority to borrow $150,000.00 from Peter Elliott and $25,000.00 from James Pelletier and approval to pay the principal of said loans plus interest at the rate of 10% per annum on the week ending January 3, 2015 , and the Debtors pray for such other and further relief as is just and proper.

        THE DEBTORS
        **LAMSON AND GOODNOW MANUFACTURING COMPANY**
        **LAMSON AND GOODNOW, LLC**
        **LAMSON AND GOODNOW RETAIL, LLC**
        By Their Counsel

        /s/Gary M. Weiner
        Gary M. Weiner, Esq., BBO # 548341
        Jennifer Butler, Esq., BB0#685152
        WEINER & LANGE, P.C.
        95 State Street, Suite 918
        Springfield, MA 01103
        Tel. (413) 732-6840
        Fax. (413) 785-5666
        Email: Gweiner@Weinerlegal.com
        Date:   September 10, 2014

EXHIBIT
A

# PROMISSORY NOTE

$150,000.00                                              September ___, 2014
                                                         _____, Massachusetts


**FOR VALUE RECEIVED**, the undersigned, Lamson and Goodnow, LLC, ("LLC"), Lamson and Goodnow Manufacturing Company ("Company") and Lamson and Goodnow Retail, LLC ("Retail") hereinafter collectively ("Borrower"), promises to pay to the order of Peter Elliott of 82 Highland Avenue, Greenfield, MA 01301 ("Lender"), the principal sum of ONE HUNDRED AND FIFTY THOUSAND ($150,000.00) DOLLARS AND 00/100 with interest at the rate of ten (10%) per annum, as provided for herein. Borrower shall pay the full amount of principal plus accrued interest by January 3, 2015.


1.    **Payment Terms.** Each payment shall be made payable to Peter Elliott and shall be delivered to the Lender at 82 Highland Avenue, Greenfield, MA 01301. Any payment not received within fourteen days (14) of its due date shall be considered late and event of default.

2.    **Interest.** The Loan shall bear interest at the rate of ten (10%) per annum, calculated and compounded monthly, from the date hereof until repayment of the full amount owing under this Agreement, and both before and after maturity, default and judgment.

3.    **Collateral:** None

4.    **Costs and Expenses.** The Borrower shall pay to the Lender or reimburse the Lender for the fees and expenses, including but not limited to, reasonable attorney's fees, incurred by the Lender in connection with the enforcement of any of the Lender's rights under this Agreement.

Promissory Note
$150,000.00
Lamson and Goodnow/Peter Elliott
Page 2

5.  **Waiver.** No delay or omission on the part of the Lender in exercising any right hereunder shall operate as a waiver of such right or of any other right under this Note. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right or remedy on any future occasion.

6.  **Presentment and Demand.** The undersigned waives presentment, demand, notice, protest and all other demand and notices in connection with the delivery, acceptance, performance, default or enforcement of this Note.

7.  **Modification.** No modification of the Note shall be effective unless contained in a writing signed by both parties.

8.  **No Pre-Payment Penalty.** The Borrower reserves the right to anticipate payments and may pay the whole or any portion of the principal before maturity without penalty.

9.  **Choice of Law and Venue.** This Note shall be construed under the laws of the Commonwealth of Massachusetts. Venue in any action shall be in the United States Bankruptcy Court for the District of Massachusetts, Western Division.

10. **Bankruptcy.** The Borrower and Lender acknowledge that the Debtor is presently in a Chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Massachusetts. Said proceedings are being jointly administered under docket no. 14-30798-HJB.

Executed as a sealed instrument on the date set forth above.


Promissory Note
$150,000.00
Lamson and Goodnow/Peter Elliott
Page 3

| BORROWER: | LENDER |
|---|---|
| LAMSON AND GOODNOW MANUFACTURING COMPANY | PETER ELLIOTT |

By: _____      _____
    J. Ross Anderson,  President                                       Peter Elliott
    Duly Authorized

BORROWER:
LAMSON AND GOODNOW, LLC

By:_____
    J. Ross Anderson, Manager

BORROWER
LAMSON AND GOODOWN RETAIL, LLC

By:_____
    J. Ross Anderson, Manager

# PROMISSORY NOTE

$25,000.00                                     September ___, 2014
                                               _____, Massachusetts


**FOR VALUE RECEIVED**, the undersigned, Lamson and Goodnow, LLC, ("LLC"), Lamson and Goodnow Manufacturing Company ("Company") and Lamson and Goodnow Retail, LLC ("Retail") hereinafter collectively ("Borrower"), promises to pay to the order of James Pelletier of 57 Jessie Lane, Westfield, MA 01085 ("Lender") , the principal sum of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS AND 00/100 with interest at the rate of ten (10%) per annum, as provided for herein. Borrower shall pay the full amount of principal plus accrued interest by January 3, 2015.


1.   **Payment Terms.**  Each payment shall be made payable to James Pelletier and shall be delivered to the Lender at 57 Jessie Lane, Westfield, Ma.  Any payment not received within fourteen days (14) of its due date shall be considered late and event of default.


2.   **Interest.**  The Loan shall bear interest at the rate of ten (10%) per annum, calculated and compounded monthly, from the date hereof until repayment of the full amount owing under this Agreement, and both before and after maturity, default and judgment.


3.   **Collateral:**   None


4.   **Costs and Expenses.** The Borrower shall pay to the Lender or reimburse the Lender for the fees and expenses, including but not limited to, reasonable attorney's fees, incurred by the Lender in connection with the enforcement of any of the Lender's rights under this Agreement.

Promissory Note
$25,000.00
Lamson and Goodnow/James Pelletier
Page 2

5.  **Waiver.** No delay or omission on the part of the Lender in exercising any right hereunder shall operate as a waiver of such right or of any other right under this Note. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right or remedy on any future occasion.

6.  **Presentment and Demand.** The undersigned waives presentment, demand, notice, protest and all other demand and notices in connection with the delivery, acceptance, performance, default or enforcement of this Note.

7.  **Modification.** No modification of the Note shall be effective unless contained in a writing signed by both parties.

8.  **No Pre-Payment Penalty.** The Borrower reserves the right to anticipate payments and may pay the whole or any portion of the principal before maturity without penalty.

9.  **Choice of Law and Venue.** This Note shall be construed under the laws of the Commonwealth of Massachusetts. Venue in any action shall be in the United States Bankruptcy Court for the District of Massachusetts, Western Division.

10. **Bankruptcy.** The Borrower and Lender acknowledge that the Debtor is presently in a Chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Massachusetts. Said proceedings are being jointly administered under docket no. 14-30798-HJB.

Promissory Note
$25,000.00
Lamson and Goodnow/James Pelletier
Page 3

**Executed as a sealed instrument on the date set forth above.**

BORROWER:                                    LENDER
LAMSON AND GOODNOW                           JAMES PELLETIER
MANUFACTURING COMPANY

By: _____           _____
    J. Ross Anderson,  President          James Pelletier
    Duly Authorized

BORROWER:
LAMSON AND GOODNOW, LLC

By:_____
    J. Ross  Anderson,  Manager

BORROWER
LAMSON AND GOODOWN RETAIL, LLC

By:_____
    J. Ross Anderson, Manager

**EXHIBIT C**

Lamson and Goodnow
Chapter 11 Case No 14-30798-HUB, 14-30799-HUB, 14-30780l
Operating Forecast through week ending 1/17/2015    Exhibit C    DIP motion for authority to obtain unsecured debt

| Week ending... | 8/23/2014 | 8/30/2014 | 9/6/2014 | 9/13/2014 | 9/20/2014 | 9/27/2014 | 10/4/2014 | 10/11/2014 | 10/18/2014 | 10/25/2014 | 11/1/2014 | 11/8/2014 | 11/15/2014 | 11/22/2014 | 11/29/2014 | 12/6/2014 | 12/13/2014 | 12/20/2014 | 12/27/2014 | 1/3/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Number | 1 actual | 2 actual | 2 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| Cash Balance from Prior Week Total | $37,705 | $22,524 | $11,971 | $29,386 | $82,304 | $99,668 | $94,920 | $97,506 | $53,627 | $37,504 | $31,458 | $32,544 | $30,165 | $48,542 | $131,381 | $148,696 | $110,953 | $205,030 | $260,468 | $327,983 |
| **INCOME** | | | | | | | | | | | | | | | | | | | | |
| Accounts Receivable | $0 | $24,366 | $26,000 | $26,000 | $36,642 | $36,937 | $36,000 | $41,000 | $46,000 | $46,600 | $30,000 | $50,000 | $50,000 | $126,000 | $50,000 | $50,000 | $100,000 | $100,000 | $100,000 | $430,300 |
| Retail Store Receipts | $635 | $5,495 | $30,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $22,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 |
| Other | | | | | | | | | | | | | | | | | | | | |
| Capital Infusion: Lender #1 | | | | $150,000 | | | | | | | | | | | | | | | | |
| Capital Infusion: Lender #2 | | | | $25,000 | | | | | | | | | | | | | | | | |
| **Total: Received** | $635 | $29,861 | $56,000 | $210,000 | $45,642 | $45,937 | $45,000 | $50,000 | $68,000 | $55,600 | $39,000 | $59,000 | $59,000 | $135,000 | $59,000 | $59,000 | $109,000 | $109,000 | $109,000 | $439,300 |
| **Total: Received + Balance** | $38,340 | $52,385 | $67,971 | $239,386 | $127,946 | $145,603 | $139,920 | $147,506 | $121,627 | $93,104 | $70,458 | $91,544 | $89,165 | $183,542 | $190,381 | $207,696 | $219,953 | $314,030 | $369,468 | $767,283 |
| **EXPENSES** | | | | | | | | | | | | | | | | | | | | |
| Admin, Sales Shipping, Retail Payroll | | $9,673 | $12,500 | 15,635 | | $13,800 | | $13,800 | | $13,800 | | $13,800 | | $13,800 | | $13,800 | | $13,800 | | $13,800 |
| Production Payroll (Net) | | $15,694 | | $0 | | $7,850 | | $15,700 | | $13,800 | | $15,700 | | $15,700 | | $13,800 | | $15,700 | | $13,800 |
| Holiday & Vacation Pay | | | | | | | | | | $1,900 | | | | | | $1,900 | | | | $1,900 |
| Payroll Fed taxes (employer) | | | $6,417 | $1,295 | | $1,793 | | $2,443 | | $2,443 | | $2,443 | | $2,443 | | $2,443 | | $2,443 | | $2,443 |
| Payroll Employee withheld state & fed& ded | | | $15,768 | $4,410 | | $6,105 | | $8,319 | | $8,319 | | $8,319 | | $8,319 | | $8,319 | | $8,319 | | $8,319 |
| Liability, Workers Comp, Auto (Travelers) | $13,222 | $2,285 | | | | $2,285 | | $7,567 | | $2,285 | | $7,567 | | | | $7,567 | | | $2,285 | $7,567 |
| Life & Disability | | | | | | | | $350 | | | | | | | | | | | | |
| Health Ins (employee+employer match) | | $11,928 | | $11,985 | | | | | | | | $12,000 | | | | $12,000 | | | | $12,000 |
| Rent | | | | | $200 | | $200 | | | | | | $200 | | | | | $200 | | |
| Electricity / Utilities | | | | | | $1,500 | | | | $1,500 | | $1,500 | | $1,500 | | $1,500 | | $1,500 | $1,500 | $1,500 |
| RE Taxes | | | | | | | $9,500 | | | | $5,000 | | | | | | | | | |
| Telephone | | | | | $85 | $200 | | | $85 | $200 | | | $85 | $200 | | | $85 | $200 | | |
| Cell phones | | | | | | $500 | | | | $500 | | | | | $500 | | | | | |
| Waste Services | | | | | | | | | | | | | | | | | | | | |
| Travel, gas, mileage | | | $200 | | | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 | $100 |
| Tooling expense | | | $500 | | | | | $2,500 | | | | | | | | $2,500 | | | | |
| Freight In | | | | $2,500 | | | | | | | | | | | | | | | | |
| Materials | | | | | | | | | | | | | | | | | | | | |
| Equipment leases | | | | | $500 | | | $8,000 | | | | | | | | | | | | |
| Subcontracting | | | | $1,000 | | | | | | $500 | | | $500 | | | $500 | | | $500 | |
| Maintenance & Repairs M&E, Tooling etc. | $170 | | $500 | | $23,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Maintenance, Buildings | | | | | | | | | | | | | | | | | | | | |
| Cleaning: shop floors, offices, rest rooms | | | | | | | | | | | | | | | | | | | | |
| Shop & office supplies | $2,424 | $643 | $300 | $4,000 | | $4,000 | $4,000 | $4,000 | | $4,000 | | $4,000 | | $4,000 | | $4,000 | | $4,000 | | $4,000 |
| Shipping expense FED Ex, UPS etc. | | | $1,000 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 | $600 |
| Rent | | | | | | | | | | | | | | | | | | | | |
| IT Systems, | | | | $1,454 | | | $1,454 | | | | $1,454 | | | | | $1,454 | | | | |
| Accounting firm | | | | | | $5,000 | | | | $5,000 | | | | $5,000 | | | | | $5,000 | |
| Legal | | | | | | | | | | | | | | | | | | | | |
| Sales Commissions | | | | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 |
| Advertising | $28 | | | | | | | | | | | | | | | | | | | |
| Bank Fees (ACH) | | | | | | $1,200 | | | | $1,200 | | | | $1,200 | | | | $1,200 | | |
| CreditCard Fees (from Retail sales) | | | | | | $500 | | | $500 | | | $500 | | | | $500 | | | | |
| Cash Discounts | | | | $13,260 | | | $13,260 | | | | $13,260 | | | | | $13,260 | | | | $13,260 |
| Newtek Loan Pay | | | | | $1,795 | | | | $1,795 | | | | $1,795 | | | | $1,795 | | | |
| Trump Finance | | | | $3,000 | $500 | $750 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 |
| Part Time CFO | | | $1,000 | $5,343 | | | | | $5,343 | | | | $5,343 | | | | $5,343 | | | |
| SBA Interest only loan on Mortgage | | | | | | | | | | | | | | | | | | | | |
| US Trustee Paid qtrly due 10/15 for 3 qtr | | | $0 | $20,000 | | | | $25,000 | $40,000 | | | | $25,000 | | $25,000 | | | | $25,000 | |
| Inv Purchases - Hot Spot | | | $0 | $25,000 | | | | | | | | | | | | $7,000 | | | | |
| Inv Purchases - Steel | | | $0 | $30,000 | | | | | $30,000 | | | | | | | | | | | |
| Inv Purchases - Forgings | | | $0 | $14,000 | | | | | | | | | | | | | | | | |
| Inv Purchases - Wire | | | $400 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 |
| Other Account Payable | | $163 | | | | | | | | | | | | | | | | | | |
| Payment of Lender Interest | | | | | | | | | | | | | | | | | | | | $5,833 |
| Repayment of Lender loans | | | | | | | | | | | | | | | | | | | | $175,000 |
| **Total Expenses** | $15,816 | $40,414 | $38,585 | $157,082 | $28,280 | $50,683 | $42,414 | $93,879 | $84,123 | $61,647 | $37,914 | $61,379 | $40,623 | $52,162 | $41,685 | $96,743 | $14,923 | $53,562 | $41,485 | $265,622 |
| **Cash Balance** | $22,524 | $11,971 | $29,386 | $82,304 | $99,666 | $94,920 | $97,506 | $53,627 | $37,504 | $31,458 | $32,544 | $30,165 | $48,542 | $131,381 | $148,696 | $110,953 | $205,030 | $260,468 | $327,983 | $501,662 |
| NEED WEEKLY INCOME: | | | | | | | | | | | | | | | | | | | | |
| NEED MONTHLY INCOME: | | | | | | | | | | | | | | | | | | | | |

| 1/10/2015 | 1/17/2015 | |
|---|---|---|
| 21 | 22 | |
| $501,662 | $583,085 | |
| | | |
| $ 100,000 | $ 50,000 | |
| $ 9,000 | $ 9,000 | |
| | | |
| | | $1,950,975 |
| $109,000 | $59,000 | |
| $610,662 | $642,085 | |
| | | |
| | $ 13,800 | |
| | $ 15,700 | |
| | $ 2,443 | |
| | $ 8,319 | |
| | | |
| $ 1,500 | $ 200 | |
| $ 85 | $ 1,500 | |
| | $ 5,000 | |
| | $ 200 | |
| | | |
| $ 100 | $ 100 | |
| $2,500 | | |
| | | |
| $ 500 | $ 3,000 | |
| $3,000 | | |
| | | |
| $ 600 | $ 4,000 | |
| 1,454 | $ 600 | |
| | | |
| $ 500 | $ 500 | |
| | | |
| $1,200 | $50 | |
| | | |
| $ 1,795 | | |
| $ 1,000 | $ 1,000 | |
| $ 5,343 | | |
| $ 7,000 | | |
| | | |
| $1,000 | $1,000 | |
| $27,577 | $57,412 | $1,404,007 |
| $583,085 | $584,673 | |
| | | $ 93,600.47 |
| | | $ 393,121.98 |