UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re )<br>)<br>LAMSON AND GOODNOW )<br>MANUFACTURING COMPANY )<br>)<br>Debtor )<br>) | Chapter 11<br>Case Nos. 14-30798-HJB<br>14-30799-HJB<br>14-30801-HJB<br>Jointly administered under<br>14-30798-HJB |

**ORDER ON DEBTORS' MOTION FOR
USE OF CASH COLLATERAL
AND GRANT OF CONTINUING SECURITY INTEREST**

At Springfield, in said District, on this <u>19th</u> day of September, 2014.

Upon consideration of the Motion of the above Debtors-in-Possession herein, praying for an Order authorizing the use of cash collateral and granting to Newtek Small Business Finance, Inc. ("Newtek") first priority replacement liens on Lamson's (as defined below) assets, notice having been given to Newtek, the United States Trustee and other parties of interest, a hearing having been held and good cause appearing thereof, IT IS HEREBY ORDERED THAT:

1.  Subject to the terms and conditions of this Order, Lamson and Goodnow Manufacturing Company, Lamson and Goodnow, LLC and Lamson and Goodnow Retail, LLC (collectively hereinafter "Lamson") are authorized to use such property of the estate as may constitute cash collateral to pay its ordinary and necessary business expenses as set forth in the attached budget (the "Budget") identified as Exhibit "A". Lamson warrants and represents that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in

connection with the operation of Lamson's business for the period set forth in the Budget. Lamson shall not use any of Newtek's cash collateral to pay any items not contained in the Budget without the prior written consent of Newtek or Order of this Court after notice and hearing. Lamson shall not knowingly or intentionally incur any administrative expenses other than as set forth in the Budget, exclusive of professional fees approved by the Bankruptcy Court pursuant to 11 U.S.C. § 330, 331, or 503(b) and fees payable pursuant to 28 U.S.C. § 1930, without the prior written consent of Newtek or Order of this Court after notice and hearing. Newtek does not consent to any "carve-out" from its collateral to provide for the payment of any professional fees incurred by Lamson.

2.  Pursuant to sections 361, 363(e), and 552 of the Bankruptcy Code, as adequate protection to Newtek for the Debtor's use of its cash collateral, Newtek is hereby granted replacement liens and security interests in the same types and kinds of the Debtor's property arising, acquired or created on or after the Petition Date in which Newtek holds pre-petition liens and security interests and such replacement liens and security interests shall extend to the proceeds and products of such post-petition property purchased or acquired with cash collateral. Said replacement liens and security interest shall secure an amount of Newtek's claim equal to the aggregate diminution, if any, subsequent to the Petition Date, in the value of Newtek's collateral, resulting from the use of cash collateral. Such replacement liens and security interests shall have the same validity, enforceability, and priority vis a vis the Debtor, as debtor in possession, and vis a vis the liens and security interests of other creditors of the Debtor as existed immediately prior to the Petition Date; provided however, that the liens granted herein shall not attach to any avoidance actions pursuant to Chapter 5 of the bankruptcy Code or the proceeds thereof. The liens granted herein shall be deemed valid and perfected notwithstanding the

requirements of non-bankruptcy law with respect to perfection. The post-petition grant of liens shall be supplemental of, and in addition to, the lien and security interests that Newtek possesses pursuant to its loan documents.

3. Lamson shall maintain all necessary insurance, including, without limitation, life, fire, hazard, comprehensive, public liability, and workers' compensation as may be currently in effect, naming Newtek and Lamson as co-loss payees on all insurance certificates and list the United States Trustee as a party to receive notice if said insurance is cancelled. .

4. Newtek shall have the right to inspect the collateral upon reasonable notice being provided to Lamson.

5. The Court has not been asked to find, and it does not rule that any asserted liens, including any liens asserted by Newtek, are valid or perfected.

6. Lamson shall provide to counsel for the Bank, a copy of the monthly operating report filed with the United States Trustee's Office which will include a report of actual income and expenses versus the projected income and expenses for each month.

7. NOTICE. Any notice or correspondence required to be sent hereunder shall be forwarded by email or telecopier at the numbers set forth below, and by first class mail, and shall be deemed given upon the earlier of (i) successful facsimile transmission, or (ii) two (2) business days after being deposited in the United States Mail, postage pre-paid, and addressed as follows:

If to Newtek:

    Frank F. McGinn, Esq.
    Hackett Feinberg P.C.
    155 Federal Street, 9th Floor
    Boston, MA 02110
    ffm@bostonbusinesslaw.com

If to Lamson:

        Gary Weiner
        Weiner & Lange P.C.
        95 State Street
        Springfield, MA 01103
        (Fax) 413-785-5666
        GWeiner@Weinerlegal.com

8.    TERMINATION.

A.    Lamson's right to use Newtek's cash collateral shall terminate ("Termination") upon the earliest to occur of the following:

i)    January 7, 2015 (unless otherwise extended by Order of the Court); or

ii)    A Termination Event has occurred under Section 9 below. However, with respect to a Termination Event under Section 9(A)(i), 9(A)(ii) and 9(A)(iii), Lamson's right to use Cash Collateral shall not terminate until two business days after Newtek's filing in this Case a Notice and supporting affidavit that a Termination Event has occurred under Section 9(A)(i), 9(A)(ii) or 9(A)(iii). However, if during such two-day period, Lamson (or the Committee or, if no Committee has been appointed, the Unites States Trustee) files with the Bankruptcy Court and serves on Newtek's counsel a "Notice of Dispute Concerning Use of Cash Collateral and Adequate Protection" in the manner set forth in Section 9 below, then Lamson's right to use Cash Collateral shall not terminate until the Court's determination.

9.    TERMINATION EVENTS.

A.    The occurrence of any one or more of the following shall constitute a termination event (a "Termination Event") under this Order:

    i. Lamson's failure to make any payment when due as set forth in this Order;

    ii. The failure of Lamson to comply with any of the terms of this Order, including

without limitation, the adequate protection to be provided to Newtek by Lamson;

    iii. Lamson fails to maintain all necessary insurance as required above or fails to procure such insurance within two (2) business days after notice from Newtek.

    iv. Conversion of Lamson's case to Chapter 7 of the Bankruptcy Code;

    v. The modification or reversal of the Order;

    vi. The entry of an order of this Court dismissing this case; or

    vii. The entry of an order of this Court terminating this Order or any provision of this Order.

10.    This Order shall terminate, effective immediately, if Termination Event has occurred except that with respect to a Termination Event under Sections 9(A)(i), 9(A)(ii) or 9(A)(iii) this Stipulated Interim Order shall not terminate unless Lamson fails to cure the Termination Event within two (2) business days of notice of the Termination Event to Lamson as set forth in Paragraphs 8 and 9 above. Upon the failure of Lamson to cure a Termination Event after the expiration of the notice and cure period, authority to use the collateral, including all cash collateral, shall terminate effective immediately, until and unless ordered by this Court, after notice and hearing.

11.    Notwithstanding the expiration or termination of this Order, the terms and provisions of this Order with respect to the replacement liens and security interests granted herein shall continue for the duration of this Chapter 11 case and for the duration of this case under any other chapter of the Bankruptcy Code to which it may be converted, and the replacement liens and security interests shall maintain the priorities established by this Order until satisfied and discharged.

12.    Upon entry of the Court's docket this Order shall be entered and deemed

effective as of September 17, 2014.

13. A further hearing for Lamson's continuing use of cash collateral shall be heard before this Court, sitting in Springfield, Massachusetts, on January 7, 2015, at 11:30 a.m.

14. The Debtor shall serve a copy of this Order on (a) all known secured creditors, (b) taxing authorities, (c) the 20 largest unsecured creditors in each respective case, (d) the office of the United States Trustee and (e) all attorneys who have filed appearance in the case by first class mail, postage prepaid or electronic mail; and file a certificate of that service no later than September 21, 2014.

_____
Honorable Henry J. Boroff,
United States Bankruptcy Court Judge