UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case Nos. 14-30798-HJB |
| LAMSON AND GOODNOW | 14-30799-HJB |
| MANUFACTURING COMPANY | 14-30801-HJB |
|  | Jointly administered under |
| Debtor | 14-30798-HJB |

**LAMSON AND GOODNOW MANUFACTURING COMPANY'S MOTION FOR
ORDER APPROVING PRIVATE SALE
OF THE DEBTOR'S PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS
AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b) and (f)**

Now comes the debtor-in-possession, Lamson and Goodnow Manufacturing Company (the "Debtor"), in the above Chapter 11 case, and hereby moves, pursuant to Bankruptcy Code §§363(b) and (f), and Bankruptcy Rule 6004(c) for authority to sell the estate's interest in a portion of the Debtor's real estate located at 45 Conway Street, Buckland, Shelburne Falls, Massachusetts free and clear of all liens, claims, mortgages, security interests, charges, encumbrances, and other interests, to John Madocks (the "Buyer") or his nominee for the total sum of One Million Three Hundred Thousand and 00/100 ($1,300,000.00) Dollars.  A corresponding Notice of Intended Private Sale of Property, Solicitation of Counteroffers, and Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice of Intended Sale") is attached as Exhibit "A" to this motion. The matters set forth herein constitute core proceedings pursuant to 28 U.S.C. § 157(b) (2) (N).  In support of this Motion, the Debtor respectfully states as follows:

1. On August 15, 2014, Lamson and Goodnow Manufacturing ("Manufacturing"), Lamson and Goodnow, LLC ("LLC"), and Lamson and Goodnow Retail, LLC ("Retail")

(collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On August 15, 2014, the Debtors filed a Motion for Entry of Order Directing Joint Administration of Chapter 11 Cases. Said Motion was allowed on August 18, 2014, and Lamson and Goodnow Manufacturing Company was designated as the lead case.

3. Pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108, the Debtor has continued to operate its business and manage its business affairs as a debtor-in-possession.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b) (2).

5. The Debtor is presently operating under this Court's order allowing use of cash collateral which continues until on or about March 4, 2015.

6. The Debtors' primary assets collectively are real estate, equipment, raw materials, inventory, accounts receivable, work in progress, perpetual energy contract and goodwill.

7. The real estate is located at 45 Conway Street, Shelburne Falls, Buckland, Massachusetts. The real estate is made up of several buildings consisting of 59,000.00 square feet consisting of retail space, office space and warehouse and factor space all located on 18 acres of land.

8. Prior to filing the Chapter 11, the Debtor, on August 6, 2014, obtained a broker's opinion of the real estate which valued the entire property at Two Million Eighty Thousand and 00/100 ($2,080,000.00) Dollars.

9. As owner of the real property, the Debtor also had a Power Contract Agreement ("Power Contract") with TransCanada Power Marketing, Ltd. ("TransCanada") which provides the owner of the real property with a perpetual right for up to 50.915 MWH of electricity

each month with a maximum power demand of 242Kw without charge from TransCanada.

10. On or about August 25, 2014, the Debtor filed an application to employ Cohn & Company as a Real Estate Broker ("Broker") to assist in the selling of the real estate. An order allowing the employment of the broker was entered by this Court on September 12, 2014.

11. The real estate is subject to a first mortgage to the U.S. Small business Administration ("SBA") which secures a loan in the amount of One Million Sixty Five Thousand Seven Hundred and 00/100 ($1,065,700.00) Dollars. According to the proof of claim filed by the SBA, the present principal balance on said loan is One Million Sixty Four Thousand Seven Hundred and Fifty and 00/100 ($1,064,750.00) Dollars. The Debtor, at the time of filing the petition, was due for its June payment and the arrearage at the time of filing was estimated at Sixteen Thousand and Twenty-nine and 00/100 ($16,029.00) Dollars. The loan from the SBA is for interest only and monthly payments are Five Thousand Three Hundred and Forty-three and 00/100 ($5,343.00) Dollars payable on the 14th of each month. The loan provides that the last payment is to be made on or before October 14, 2041. The mortgage was recorded at the Franklin County Registry of Deeds on January 11, 2012 in book 6127, page 268.

12. The real estate is also subject to a second mortgage to Newtek Small Business Finance, Inc. ("Newtek"). Newtek also holds a blanket security interest in all assets of the Debtors. The original principal on the loan executed by the Debtor and Newtek on or about December 28, 2012 was in the amount of Two Million Fifty Five Thousand and 00/100 ($2,055,000.00) Dollars. Said mortgage was recorded at the Franklin County Registry of Deeds on December 31, 2012 in book 6311, Page 70.

13. The total owed to Newtek as of the date of the filing of the petitions was estimated at Two Million Two Thousand One Hundred and Eighty Four and 00/13 ($2,002,184.13) Dollars.

4

14. Under the existing cash collateral order the Debtor is making monthly payments of $13, 295.00 to Newtek.

15. In the Debtor's initial motion for use of cash collateral, the Debtor estimated the value of its personal property to be in excess of Two Million ($2,000,000.00) Dollars.

16. In addition, the Debtors were required to assign a Key Person Life Insurance Policy in the name of John Ross Anderson to Newtek. Upon information and belief the policy, as of July 31, 2014, had a cash surrender value of Eighty-eight Thousand Six Hundred and Ninety-Four and 00/100 ($88,694.00) Dollars.

17. Upon information and belief the loan documentation executed by the Debtor and Newtek provided that the Debtor was to provide Newtek with a first mortgage on the real estate and a first perfected security interest on all equipment, fixtures, inventory, instruments, chattel paper and general intangibles.

18. The loan between the Debtor and Newtek is an SBA 7(A) guaranteed loan.

19. SBA has filed a proof of claim in these proceedings in which it claims an outstanding balance of One Million Sixty-Seven Thousand, Eight Hundred and Fifty-One and 05/100 ($1,067,851.05) Dollars. The proof of claim references that the claim is secured by real estate and personal property including but not limited to equipment, fixtures, inventory and accounts. A UCC-1 Financing statement was recorded with the Commonwealth of Massachusetts Secretary of State's Office on October 26, 2011.

20. The Debtor listed the real estate for sale at Two Million One Hundred Thousand and 00/100 ($2,100,000.00) Dollars and has not received offers to purchase the real estate in its entirety. The Broker has had numerous inquiries on the real estate.

21. The Broker marketed the property for sale in its entirety and was approached by the Buyer to buy only a certain portion of the real estate. The sale price of the real estate

being sold along with the value of the remaining parcels of real estate is consistent with a valuation of the whole property.

22. The Broker believes the remaining "Parcels of real estate "not included in the sale have a total value of Seven Hundred and Seventy-Five Thousand and 00/100 ($775,000.00) Dollars. The remaining parcels consist of a 4400 square feet retail/office building, a 3,500 square foot building presently used as a machine shop and a parcel of raw land which is a little over one acre, zoned and ready for commercial and industrial development.

23. The Debtor seeks authority to sell a portion of the real estate to John Madocks or his nominee for a total sale price of One Million Three Hundred Thousand ($1,300,000.00) Dollars. Included in the sale is the Debtor's power contract.

24. The Debtor seeks authority to sell a portion of the real estate free and clear of all liens, encumbrances, claims, charges and administrative holds, including but not limited to any liens that may exist in favor of the United States Department of Treasury, Internal Revenue Service, Commonwealth of Massachusetts, Department of Revenue, Town of Buckland, SB, Newtek and TransCanada.

25. Pursuant to the Purchase and Sale Agreement, which was executed on or about December 23, 2014 and is attached as Exhibit "B" to this Motion, the Buyer has made a deposit of Sixty-Five Thousand and 00/100 ($65,000.00) Dollars to the Broker with the balance to be paid at the time of closing.

26. Upon information and belief, the buyer has no connection with the Debtor and is not an insider of the Debtor as that term is defined in 11 U.S.C. §101(31).

27. As indicated in the Purchase and Sale Agreement the proposed purchase is a cash transaction and there are no financing contingencies. Addendum C to the Purchase and Sales Agreement provides that the sale is contingent upon the Buyer obtaining the rights in the Power Contract and clean up of waste on the real estate by the Debtor.

28. As part of the sale the Debtor also seeks authority pursuant to 11 U.S.C. § 365 to assume, cure and assign the power contract to the Buyer.

29. Upon information and belief the amount owed under the Power Contract as of December 31, 2014 was Two Hundred and Fifty-Six Thousand, One Hundred and Thirteen and 00/100 ($256,113.61) Dollars.

30. The proposed sale of the real estate as set forth herein will result in the Debtor relocating its operations to another facility. The Debtor believes relocation will allow the Debtor to have a more efficient operation and expects that is costs will be reduced in the move. Reducing its secured debt the Debtor believes will increase its likelihood to locate a lender which will provide exit financing from the Chapter 11.

31. The Debtor estimates that the cost to move the factory operations and set up in another location will be approximately One Hundred and Ninety Thousand and 00/100 ($190,000.00) Dollars.   These costs include but are not limited to:

| Rigging out Factory | $41,920.00 |
| Electrical Hookup | $25,000.00 |
| Temporary Manufacturing Engineer | $25,000.00 |
| Air Compressor (leased) | $3,000.00 |
| Misc. Labor/Training | $25,000.00 |
| Dust Collection | $30,000.00 |
| Other miscellaneous costs | $10,000.00 |

32. Upon information and belief the buyer is prepared to close on the sale of the real estate within fifteen (15) days of the court order allowing the sale.

33. Included in the sale provisions is the Buyer granting the Debtor two months free rent after the closing.

34. The Debtor believes the sale of the real estate by private sale is in the best interest of the bankruptcy estate and all interested parties. The sale price is a fair market price and exceeds what a public auction would bring.

35. As set forth in the Notice of Intended Sale attached as Exhibit "A", the Debtor will solicit any cash offers for the real estate being sold in the amount of One Million Three Hundred and Fifty Thousand and 00/100 ($1,350,000.00) Dollars or more which are accompanied by a deposit of at least Sixty-five Thousand and 00/100 ($65,000.00) Dollars.

36. Any additional offers will be bound by the terms of the Purchase and Sale Agreement and addendum.

37. The Debtor requests authority to make distributions from the sale for ordinary closing costs and real estate taxes.

38. The Debtor further intends to seek Court Authority to pay the Broker a commission of 6% of the sale price as set forth in the application to employ said Broker.

39. Please take notice that any objections or counteroffers to this private sale must be filed with the Clerk of the United States Bankruptcy Court, United States Courthouse, 300 State Street, Suite 220, Springfield, MA 01105, within twenty-one (21) days hereof with copies to counsel to the Debtor, Gary M. Weiner, Weiner Law Firm, P.C. 95 State Street, Suite 918, Springfield, MA 01103 and counsel to the Buyer, Mark Nejame, 90 Conz Street, Suite 208, Northampton, MA 01060.

40. Any objections or counteroffers must state the name and docket of this case. Any objection must identify the party objecting to the proposed sale and must state the specific reasons for the objection. Any reasons not set forth therein may be deemed to be waived.

41. If no objection or counteroffer is timely filed, the sale may be approved without further notice or hearing.

42. In the event that an objection or counteroffer is timely filed, the Court will schedule a hearing on whether or not the intended sale should be approved. Any party filing an objection or counteroffer will be expected to appear at the hearing or have a representative appear on their behalf. At the hearing, the Court may take further action without further notice to parties in interest.

WHEREFORE, the Debtor respectfully prays:

1. That this Court authorize the Debtor's motion for sale of real estate as identified herein to John Madocks or his nominee and clear of all claims, liens, mortgages, security interests, charges, encumbrances, and other interests of record, including tax liens, pursuant to the provisions of this Motion under § 363(b) and (f), subject to all claims, liens, mortgages, security interests, charges, encumbrances, and other interests of record;

2. That all encumbrances shall attach to the Debtor's proceeds of the sale, to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law;

3. That the Debtor be authorized to execute all documents necessary to complete the sale;

4. That the Debtor be authorized to assume, cure and assign the Power Rights contract as part of the sale;

5. That the Debtor is authorized to pay TransCanada Power Marketing, Ltd from the proceeds of the sale;

6. That the Debtor is authorized to make payments from the sale proceeds as described above including but not limited to payment of ordinary closing costs, outstanding real estate taxes and the Broker's commission as set forth herein; and

7. For such further relief as this Court deems just and proper.

**THE DEBTORS**

**LAMSON AND GOODNOW MANUFACTURING COMPANY**
**LAMSON AND GOODNOW, LLC**
**LAMSON AND GOODNOW RETAIL, LLC**
By Their Counsel


/s/Gary M. Weiner
Gary M. Weiner, Esq., BBO # 548341
Jennifer Butler, Esq., BB0#685152
WEINER LAW FIRM, P.C.
95 State Street, Suite 918
Springfield, MA 01103
Tel. (413) 732-6840
Fax. (413) 785-5666
Email: Gweiner@Weinerlegal.com
Date: January 12, 2015