UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| | Case Nos. 14-30798-HJB |
| LAMSON AND GOODNOW | 14-30799-HJB |
| MANUFACTURING COMPANY, et al. | 14-30801-HJB |
| | Jointly administered under |
| DEBTOR | 14-30798-HJB |

## MOTION BY DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING AND APPROVING PUBLIC SALE OF PROPERTY OF THE ESTATE

To the Honorable Henry J. Boroff, Bankruptcy Judge:

NOW COMES the debtor-in-possession, Lamson and Goodnow Manufacturing Company, et al. (the "Debtor"), by and through its counsel, Weiner Law Firm, P.C., and, pursuant to 11 U.S.C. § 363 (b) and (f), and Rule 6004 (c) of the Federal Rules of Bankruptcy Procedure, hereby moves for (i) authority to sell by public auction certain personal property belonging to the Debtor's bankruptcy estate (the "Estate"), free and clear of all liens, encumbrances and claims of every kind and description, as more fully described herein. A corresponding Notice of Intended Sale of Property is being filed contemporaneously with this Motion as Exhibit "A". As grounds therefore, the Debtor respectfully states the following:

1. On August 15, 2014, Lamson and Goodnow Manufacturing Company ("Manufacturing"), Lamson and Goodnow, LLC ("LLC"), and Lamson and Goodnow Retail, LLC ("Retail") (collectively, the "Debtors") filed voluntary petitions seeking relief under the provisions of Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts.

Motion for Public Sale
In re Lamson and Goodnow Manufacturing Company, et al.
Page 2

2. On August 15, 2014, the Debtors filed a Motion for Entry of Order Directing Joint Administration of Chapter 11 Cases. Said Motion was allowed on August 18, 2014, and Manufacturing was designated as the lead case.

3. Pursuant to Sections 1107 and 1108 of Title 11, the Debtor continues to operate its businesses and manage its affairs as a debtor-in-possession. No Trustee or Examiner has been requested or appointed.

4. The matters set forth herein constitute core proceedings pursuant to 28 U.S.C. Sections 157 (b)(2)(A) and (N).

5. Among the assets of the Debtor's Estate are approximately forty (40) pieces of machinery/equipment located at the Debtor's principal place of business at 45 Conway Street, Shelburne Falls, Massachusetts, and used in the manufacture of custom knives and cutlery (collectively, the "Equipment"). [1]

6. The Debtor is moving its manufacturing facility to a new location in Westfield, Massachusetts and the equipment which it desires to sell through a public auction is no longer of use to the Debtor.

7. The Debtor seeks authority to sell the Equipment by public auction free and clear of all liens, encumbrances, claims, charges and administrative holds.

8. The Equipment is subject to a blanket first security interest held by the U.S. Small Business Association (the "SBA") in all of the Debtor's assets, which secures a loan granted to the Debtor on October 8, 2011, in the original amount of $783,400.00. The

---

[1] Debtor anticipates that some additional items could be included in the public auction when it is determined that the equipment is no longer necessary for operations or will be too costly to move to the new location.

Motion for Public Sale
In re Lamson and Goodnow Manufacturing Company, et al.
Page 3

SBA lent additional fund to the Debtor on December 30, 2011, bringing the total amount of the loan to $1,065,700.00. The Debtor paid the SBA in excess of $690,000.00 from the sale of a portion of its real estate.

9. The Equipment is further subject to a blanket second security interest held by Newtek Small Business Finance, Inc. ("Newtek") in all of the Debtor's assets, which secures a loan granted to the Debtor on December 28, 2012, in the amount of $2,055,000.00.

10. Upon information and belief, the Equipment is not subject to any other liens or encumbrances.

11. The matters set for herein constitute core proceedings pursuant to 28 U.S.C. § 157 (b)(2)(N).

12. On January 15, 2015, the Debtor filed an Amended Motion for Order Approving Private Sale of Property of the Estate Free and Clear of All Liens and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f) (the "Motion for Private Sale"), seeking to sell, by private sale, the Estate's interest in a portion of the Debtor's real estate located at 45 Conway Street, Shelburne Falls, Massachusetts (the "Property"). This Court issued an Amended Order allowing the Motion for Private Sale on March 24, 2015.

13. The sale of the Property was completed on March 25, 2015. The buyer and Debtor agreed the Debtor would have until May 26, 2015 to vacate the property which had been sold. The buyer has now agreed to allow the Debtor to conduct the auction on the sold premises provided all equipment is removed by May 30, 2015 if not sooner.

14. The Debtor proposes a public auction of the Equipment prior to the move to reduce moving expenses.

Motion for Public Sale
In re Lamson and Goodnow Manufacturing Company, et al.
Page 4

15. The Equipment is not essential to the Debtor's operations in its new facility.

16. The Debtor has been attempting to sell the excess equipment through private sale but it is apparent that with the deadline to move being set for May 26, 2015 a public auction of the remaining excess items is necessary in order to insure the vacated property is in broom swept condition.

17. The Debtor intends to use the proceeds from the sale to pay down its debt to its secured lenders in accordance with their seniority. At present, the Debtor anticipates all sale proceeds will go to the SBA.

18. The Debtor anticipates filing an Application to Employ Aaron Posnik & Co., Inc. as an auctioneer for the Estate within the next 7 days.

19. The Debtor anticipates that the public auction for the sale of the Equipment will take place on May 28, 2015.

20. In consideration of the foregoing, the Debtor believes that a sale of the Equipment by public auction is in the best interest of the Estate, and requests that this Court approve its Motion.

21. The Debtor proposes to pay Posnik its fees and expenses as approved by this Court through the proceeds of the sale of the personal property pursuant to 11 U.S.C. § 506(c).

WHEREFORE, the Debtor, Lamson and Goodnow Manufacturing Company, et al. respectfully requests that this Court enter an Order:

Motion for Public Sale
In re Lamson and Goodnow Manufacturing Company, et al.
Page 5

1. Authorizing the Debtor's motion for public sale of the Equipment described herein free and clear of all liens, interests and encumbrances, pursuant to 11 U.S.C. § 363 (b) and (f);

2. Authorizing the Debtor to execute such documents as are reasonably necessary to complete the sale;

3. Directing that any encumbrances shall attach to the proceeds of the sale, to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law;

4. Authorize the Debtor to pay from the proceeds of the personal property sale the fees and expenses incurred by Aaron Posnik and Co. which have been approved by this Court and then paying the balance of the proceeds to the secured lender in accordance with seniority; and

5. Granting such other and further relief as this Court deems just and proper.

LAMSON AND GOODNOW
MANUFACTURING COMPANY, et al.,
By its Counsel,

/s/ Gary M. Weiner, Esq.
Gary M. Weiner, Esq. BBO #548341
Jennifer Butler, Esq. BBO #685152
WEINER LAW FIRM, P.C.
1441 Main Street, Suite 610
Springfield, MA 01103
Tel. No. (413) 732-6840
gweiner@weinerlegal.com
Date: April 21, 2015